## William Mertins, Appellee, v. Southern Coal & Mining Co., Appellant.

1. INSTRUCTIONS—*propriety of copying statute. Held,* that an instruction which substantially copied section 18 of the Mines and Miners Act was not erroneous.

2. INSTRUCTIONS—*when upon interest of plaintiff properly modified. Held,* that an instruction upon this subject is not improperly modified by adding thereto the following: "and weigh his testimony by the same tests as applied to other witnesses."

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

SCHAEFER, FARMER & KRUGER and L. D. TURNER, for appellee.

KRAMER, KRAMER & CAMPBELL, for appellant.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the Circuit Court of St. Clair county, by appellee against appellant, to recover damages for a personal injury sustained by appellee while in the service of appellant as a coal miner in its mine. Trial by jury. Verdict in favor of appellee for $8,000. *Remittitur* $2,000. Judgment on the verdict for $6,000.

This suit is based on sections 18 and 38 of the Mines and Miners Act. The declaration charges in apt language, that appellee was injured and that appellant wilfully failed to comply with each and every provision of section 18, and that appellee's injury was occasioned thereby.

The evidence tended to prove that appellee was in the service of appellant as a coal miner, his duties being to shoot down and load coal in a certain room in the mine, the room being about thirty-five feet wide and 300 feet long; that the roof in this room was composed of rock and slate "in which now and then appeared slips;" that these slips in the roof were dangerous conditions, and where they existed the roof was liable to fall and kill or injure the persons working thereunder; that after the coal was shot down in that room on March 19th, there was a slip in the roof extending in a diagonal direction across the working place in that room; that this slip made the roof dangenerous and likely to fall; that on the forenoon of the 20th, about eleven o'clock, appellee went into the room in pursuance of his duty, and commenced to work under the slip, loading coal, and continued at that work until about half after one o'clock, when a portion of the roof fell upon him and very seriously and permanently injured him.

It is conceded that the mine examiner did not place any mark in or about the room indicating danger; that in his record, he made no mention of any dangerous

conditions in that room; that he did not report to the mine manager that dangerous conditions existed in that room, and that appellee was allowed to enter the room to work. It is also admitted that the mine examiner did not inscribe on the walls of appellee's working place, the month and day of his visit to that place, but it is claimed that he did make this inscription on a piece of board about a foot long and four or five inches wide, and placed it on the gob about eighteen feet back from the face. With respect to the other alleged breaches of duty, appellant claims that the mine examiner did examine the room in question on the morning of the 20th, and that he did not discover any dangerous conditions, and therefore there was no occasion for him to place any mark in or about that room indicating danger, nor to make mention of danger in his record, nor to report dangerous conditions to the mine manager, nor to prevent appellee from going into that room to work.

Appellant had in its service a duly qualified mine examiner who did go into the mine for the purpose of examining it before the men were allowed to enter, on the morning of the day appellee was injured. The controlling question of fact in this case is, did the mine examiner on that occasion in good faith examine appellee's working place, for the purpose of ascertaining whether there were at that place any "unsafe conditions." He testifies that he did, but his testimony is not conclusive of the question.

If he did in fact visit the room for the purpose of examining the working place therein and did examine it, the statute requires that he should have evidenced that fact by "inscribing on the walls of such working place, with chalk, the month and day of the month of his visit." This he admits he did not do. The inscription he claims to have left on a small piece of board on the gob eighteen feet back from the working face, is not the evidence the statute requires, and as a circumstance it furnishes no evidence that he actually

examined that part of the roof that overhung the working place of the men whose duty it was to work at and near the face of that thirty-five foot wide room. It rather tends to prove that he did not go nearer to any part of the working place than where he left the board, eighteen feet away. Then there was the undisputed fact that there was a slip in the roof and that such slips are known by all experienced persons to be "unsafe conditions," and there was evidence tending to prove that such slips are easily discernible. All these, together with the fact that he claims to have examined the working places in fifty to sixty other rooms and to have examined seven entries on that same morning all within two hours and fifteen minutes, we think warranted the jury in finding that such examination as may have been made was only a pretense, and was not the good faith examination which the law requires to be made for the safety of persons employed in the mines. We are of opinion the trial court did not err in refusing to direct a verdict in favor of appellant.

We are of opinion the trial court committed no material error in its rulings as to the admission or rejection of evidence, and we do not deem the questions raised with respect thereto of such importance as to demand discussion.

Counsel complain of the action of the trial court in the giving, modifying and refusing of instructions. The given ones complained of are appellee's first and second. The first is section 18 and one clause of section 33 of the statute upon which the suit is based. The complaint is that the whole of section 18 is embraced in the instruction, and this it is suggested is error. No authority is cited in support of this position and so far as we are advised such an instruction has not been condemned, and we do not perceive any valid reason why it should be.

Appellee's second instruction is as to the measure

of damages, is in approved form, states the law correctly and is supported by the evidence.

Appellant's fourth and ninth instructions are pertinent and state the law correctly, but all that is of any importance in either or both of them is fully embraced in the following instruction which was given on behalf of appellant.

"The court instructs the jury that if you believe from the evidence that a licensed mine examiner on the day in question, before the plaintiff entered the mine to work, in good faith, made a careful examination of the room in question, then even though you may believe that he made a mistake in passing upon whether or not this piece of slate was dangerous, such mistakes would not show a wilful violation of the statute, and the defendant is not liable for such mistake in this case."

The court modified appellant's fourteenth instruction, and it is contended this was material error. As asked, it was: "The jury are further instructed that while the law permits the plaintiff in a case to testify in his own behalf, nevertheless the jury have the right in weighing his evidence to determine how much credence is to be given to it, and to take into consideration the fact that he is the plaintiff, and interested in the result of the suit." To this the court added "and weigh his testimony by the same tests as applied to other witnesses." This modification of the instruction was not error. While the instruction has often been given in the form in which it was asked, still, it is not error to modify it by adding the words that were added by the court. That such modification of this identical instruction is proper, is expressly held by the Supreme Court in Henrietta Coal Co. v. Martin, 221 Ill. 460 (470).

Other refused instructions raise certain questions of law that we think are so fully settled by repeated decisions of both this court and the Supreme Court, as to relieve us from any duty to rediscuss them, in this case.

We find no substantial error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*